### CHARLES HAND v. THE STATE.

*No. 1149.    Decided March 17th, 1897.*

**Curing Sheep of Scab—Information.**

Penal Code, Art. 818, requires the owner or person in charge, where his flock of sheep have been inspected and found to be affected with scab, to "thoroughly cure the same within twenty days from said inspection." Held: That to constitute a violation of this article it is absolutely necessary that the information or indictment should allege in terms, or in words equivalent, that the owner or person in charge had knowledge of such inspection; i. e., it must allege that he was either present at the inspection or that he was properly informed of it and failed, after being so informed, to cure the sheep within the twenty days.

APPEAL from the County Court of Fisher. Tried below before Hon. S. PATTON, County Judge.

Appeal from a conviction for failing to cure, within twenty days, a flock of sheep which had been inspected and found afflicted with scab; penalty, a fine of $50.

The charging part of the information is as follows: "That heretofore, to-wit: On or about the 31st day of July, 1896, in the said county of Fisher and State of Texas, one Charles Hand was then and there in charge of a flock of sheep during twenty days from said date; that on said 31st day of July, 1896, he, the said J. B. Marrin, as inspector of sheep in and for said county and State, having good reason to believe that said sheep were affected with a disease known as scab, carefully and minutely examined and inspected said sheep and then and there found a part of said flock of sheep to be affected with the said disease known as scab and then and there condemned said flock of sheep as affected with said disease. That said Charles Hand, in said county and State, did willfully and knowingly fail and refuse to cure said sheep of said disease within twenty days from said inspection, contrary," etc.

No further statement necessary.

*William H. Lockett* and *A. L. Green*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—This conviction was obtained for violating one of the provisions of Title 17, Chap. 4, of the Penal Code,

1895, pertaining, among other things, to the inspection of sheep affected with the disease known as scab. The article upon which this information is based reads as follows: "Any owner or person in charge of sheep, who shall willfully and knowingly violate any provisions of this chapter, when the penalty is not otherwise provided by this chapter, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined in any sum not less than fifty nor more than two hundred dollars." Penal Code, 1895, Art. 820. The provision alleged to have been violated is Art. 818, Penal Code, which reads: "When any flock of sheep in any county of this State has been inspected, as provided for in this law, and found to be affected with scab, it shall be the duty of the owner or person in charge of such flock to thoroughly cure the same within twenty days from said inspection." Now, to constitute a violation of this article, it is absolutely necessary that the owner or person in charge shall willfully and knowingly fail to cure the sheep of the scab within the twenty days after inspection. The accused could not knowingly and willfully violate Article 818 unless he had knowledge that the sheep had been inspected and found to be affected with scab. To be sufficient, the indictment must allege in terms, or in words equivalent, that he had such knowledge. Concede that this indictment is sufficient upon that point—that it charges such knowledge, when it alleges that he did willfully and knowingly fail, etc.; yet the indictment does not allege when he obtained such knowledge. It does not allege that he was present when the sheep were inspected and condemned, nor does it allege that he was notified of the inspection. But it may be insisted that, as the law says that he is guilty if he fails to cure the sheep within twenty days after the inspection, therefore the indictment in this language would be sufficient. This depends upon another proposition, which is that he must cure the sheep within twenty days after the inspection, whether he has any knowledge of the inspection or not. We cannot agree to this proposition. The record in this case demonstrates its falsity. The proof shows that he was not present when the sheep were inspected; that he was away from home and not in the immediate charge of the sheep when inspected. Now, to be sufficient, the indictment must allege either that he was present when the inspection was made, or that he was properly informed of it and failed to cure the sheep within the twenty days; in the latter case, after being so informed. This proposition is correct, or the other proposition must be true, to-wit: that he has failed to cure the sheep within twenty days after inspection, whether he has any knowledge or not that they have been inspected. But Article 820 requires that he shall willfully and knowingly violate Article 818; and hence we conclude that the indictment must allege when he had notice that the sheep had been inspected and condemned, and that after such knowledge he failed to cure the sheep within the twenty days. This is a very remarkable statute. It requires the owner or the party in charge to cure the sheep within twenty days, whether he can or not. The legislature assumes that the

owner or party in charge can do this. We pretermit any expression of opinion upon this phase of the law. There is another remarkable feature in this case: Five or six parties, who were well acquainted with the sheep, swear emphatically and unequivocally to facts, which, if true, show that these sheep were not affected with scab at all. This conviction rests alone upon the testimony of the inspector, who is not corroborated by any other witness in the case, and it seems that he had to resort to a magnifying glass in order to find the scab. The great weight of the testimony is to the effect that, if sheep are affected with scab, it can be discovered without resorting to this process. Again, one Trout had a flock of sheep in the immediate neighborhood of appellant, which had the scab; and the witnesses, inspector and owner, all state that said flock was affected with scab. About this there was no question. The sheep were inspected, and Trout made no attempt to cure them, and no prosecution was begun; the County Attorney stating to the inspector that he had a case against Hand, but none against Trout. If there could have been a case under this law, there was a case against Trout, and it is very doubtful whether he had one against Hand. Because of the insufficiency of the indictment, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and Ordered Dismissed.*